UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE: | |
| HERMANN JAN VANECK | : CHAPTER 7 |
| DEBTOR | : CASE NO. 15-30014 |
| DLJ MORTGAGE CAPITAL INC. | |
| MOVANT | : RE: ECF NO. |
| VS | |
| HERMANN JAN VANECK DEBTOR | |
| KARA S. RESCIA, TRUSTEE | : JANUARY 12, 2015 |
| RESPONDENTS | |

### MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 USC §362(d)(4)

The undersigned Movant, DLJ MORTGAGE CAPITAL INC., a secured creditor of the above-named Debtor ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C. Section 362 (d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from the automatic stay imposed by 11 U.S.C., Section 362(a) ("Stay") and as grounds therefore respectfully represents the following to the Court:

1. Movant seeks relief for the purpose of enforcing its possessory interest in real property known as **24 Ebony Lane, Essex, CT 06442-1159** ("the property").

2. The Debtor is in possession of the property, although his/her right to possession has expired.

3. A Judgment of Strict Foreclosure entered on July 06, 2010, against the Debtor, in Middletown Superior Court, <u>BANKERS TRUST CO v. VANECK, HERMAN</u>, Docket No. CV02-0097949-S, for the premises located at **24 Ebony Lane, Essex, CT 06442-1159**.

THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE PROPERTY. IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.

4. The Debtor's law day has passed and title vested in the Movant on August 03, 2010. Debtor therefore has no legal or equitable interest, except a possessory interest.

5. Pursuant to 11 U.S.C. Section 362 (d) a stay of proceedings against Movant should be lifted to permit Movant to enforce its interest and otherwise obtain possession of real property known as **24 Ebony Lane, Essex, CT 06442-1159.**

5. Pursuant to 11 U.S.C. §362 (d)(1), a stay of proceedings against Movant should be lifted for cause so that Movant can enforce is interest and obtain possession in the Debtor's real property known as **24 Ebony Lane, Essex, CT 06442-1159.**

6. Pursuant to 11 U.S.C. §362(d)(2), a stay of proceeds against the Movant should be lifted as the Debtor no longer owns the property, his/her right of possession has expired, the property is not property of the estate and therefore is not otherwise necessary for an effective reorganization.

7. On September 25, 1989 the Debtor, Jan Van Eck, filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code bearing case number 89-01156. This case was terminated July 31, 1990. On April 2, 1992 the Debtor Linda Lounsbury and Jan Van Eck, filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number 92-51075. This case subsequently converted to a Chapter 7 on June 30, 1994 and was dismissed on April 13, 1994 as to Linda Lounsbury. The Case closed on March 1, 1995. On May 1, 1992 the Debtor Jan Van Eck, filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number 92-51467. This case was terminated August 10, 1992. On October 24, 1996 the Debtor Jan Van Eck, filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number 96-33595. This case was dismissed

November 25, 1996. On October 24, 1996 the Debtor Jan Van Eck, filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code bearing case number 96-52073. This case was dismissed on November 25, 1996. On February 9, 2000, the Debtor Linda A. Lounsbury aka Linda Van Eck, filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number 00-30500. This case was dismissed on March 14, 2000. On October 05, 2006 the Debtor Jan Herman Van Eck, filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number 06-31703. This case was dismissed on July 26, 2007. On September 05, 2008 the Debtor Herman Jan Van Eck, filed a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code bearing case number 08-32911. This case was dismissed with prejudice on March 16, 2010, having a 2 year bar from filing. On July 30, 2010 the Debtor, Patricia Adams Irrevocable Trust, filed a bankruptcy petition in the Middle District of Florida (Orlando) under Chapter 11 of the United States Bankruptcy Code bearing case number 6:10-bk-13487. This case was dismissed on October 5, 2010. On January 05, 2015 the Debtor Hermann Jan Van Eck, filed this tenth bankruptcy petition under Chapter 7 of the United States Bankruptcy Code bearing case number 15-30014.

8. By Summons and Complaint dated June 11, 2013, the Movant commenced judicial proceedings in Connecticut State Court for a Summary Trial Process. The Summary Process Trial date was scheduled for hearing on January 05, 2015.

9. The Movant is entitled to in rem relief from the automatic stay pursuant to 11 USC Section 362(d)(4) for the following reasons:

a. Upon information and belief, the Borrower, in an effort to delay, hinder or defraud the Movant, has filed this bankruptcy petition immediately prior to the scheduled Summary

Process Trial hearing.

10. As a result of the prior bankruptcies filed by the Debtor, which were dismissed, the Creditor seeks in rem relief so that that any petition filed by or against the Debtor individually or jointly or by any insider of the Debtor, see 11 U.S. C. § 101(31), or other person with an interest in the Property, prior to the completion of the Movant's efforts to enforce its rights concerning the Property and all appeals related thereto, shall not operate as a stay (or trigger a stay) under Bankruptcy Code Section 362(a) as to the Property, provided, that any such prospective debtor, may seek on an expedited basis an order of the undersigned judge, or the judge assigned the newly filed bankruptcy case, relieving them from the prejudice of this paragraph. Such prospective debtor's request for such relief shall be by written motion properly noticed and served upon the Movant and/or its successors(s) and assigns, accompanied by (i) a copy of this Court's Order Granting Relief from the Automatic Stay and (ii) an affidavit attesting that they are not, directly or indirectly, associated with the Debtor except to the extent of being a good faith transferee with regard to the Property, setting forth with the particularity the status of the Movant's foreclosure or eviction efforts as to the Property, and particularizing and attesting that there are new and exceptional circumstances warranting application of Section 362(a) to the Property in the newly filed case notwithstanding this order. In the alternative, the Movant seeks relief from the current automatic stay and prospective relief as to any future bankruptcy stay as a result of any bankruptcy filing by this Debtor. In the alternative, the Movant requests relief from the automatic stay in this bankruptcy case.

11. The Movant also requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that Movant may immediately enforce and implement the requested order

modifying the stay.

12.    The Movant hereby gives notice that upon the granting/consideration of this motion, it may assess the Debtor's account with reasonable attorney's fees of up to $750 plus costs of $176 in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay. Said note and mortgage identified in Paragraph 1 and 2 above contain provisions allowing the Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage. If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, such fees and costs shall be non-recourse against the Debtor unless the Movant's debt was included in a reaffirmation agreement.

WHEREFORE, Movant requests In Rem relief from the Stay by allowing Movant to enforce said judgment and seek an Execution for Ejectment and otherwise obtain possession of real property known as **24 Ebony Lane, Essex, CT 06442-1159.**

Movant requests that Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant is allowed to immediately enforce the order. The Movant maintains that cause exists to grant waiver on the basis that the Property is not property of the estate and the Debtor's right of possession has expired.

Movant therefore seeks to immediately enforce this order to ensure that it minimizes any continued losses.

Dated at Hartford, Connecticut this 12th day of January, 2015.

THE MOVANT

By: _____
    Linda J. St. Pierre, Esq.
    Hunt Leibert Jacobson, P.C.
    50 Weston Street
    Hartford, Connecticut 06120
    Telephone No. (860) 808-0606
    Federal Bar No. 22287