UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | | |
|---|---|---|
| HERMANN VANECK<br>Debtor, | : <br> : | CHAPTER 7 <br> CASE NO: 15 – 30014 |
| IN RE: "DLJ MORTGAGE CAPITAL, INC.,"<br>Nominee Movant, | : | |
| Vs. | : | ECF No: |
| HERMANN VANECK, DEBTOR, and<br>KARA S. RESCIA, TRUSTEE<br>Respondents. | : <br><br> : | JANUARY 16, 2015 |

### DEBTOR'S OBJECTION TO "DLJ" MOTION FOR EXPEDITED HEARING
[Motion to shorten time and expedite Hearing on
Movant's motion for in-rem relief from the automatic stay]

The Debtor in the above-captioned bankruptcy Petition hereby respectfully enters his Objection to Movant's *Motion to Shorten Time and Expedite Hearing*, apparently filed on 15 January 2015 and concurrent with its *Motion for In-rem Relief*, on the grounds that Movant "DLJ" stands before this Court with unclean hands. More particularly, the so-called "facts" that Movant has set forth to this Court are not truthful, in that Movant has not, contrary to their bald allegations, received any justiciable "foreclosure" of anything, and has egregiously failed to abide by the Uniform Standing Orders of the recited State Court [MMX-CV13-4017150].

Debtor has Noticed Movant by counsel pursuant to the provision of Bankruptcy Rule 9011 that it is to Withdraw its Motion, and apparently under that Rule is granted a window of twenty-one (21) days to comply. An "expedited Hearing" would presumably interfere with the

1

21-day window, and thus would be inappropriate, in the circumstances that pertain (unless Movant notifies the Court and debtor that it does not intend to Withdraw its Motion].

Further, it would appear from inspection of the Docket File claimed by Movant (referenced above) that yet another defendant by counsel has filed Pleading papers suggesting that "DLJ is a paper shell creation of Credit Suisse ...created to fashion an artificial space and plausible deniability as to the acts of DLJ, so as to avoid liability from attaching to Credit Suisse. DLJ has no assets, it lists no taxable chattels with the City of New York, it has no telephone system, owns no desk, chair, filing cabinet or otherwise...." *Motion*, July 10, 2014 [M. Balaban, Esq].

The other defendant recited above has by inspection of the Docket Record filed a *Request for Production*, and a *Request for Admissions*, which "DLJ" has apparently to date not responded to. Those "Requests" include serious matters of "plea agreements relating to felony charges against plaintiff's ["DLJ"] parent company, Credit Suisse;" a demand for "evidence of payment of 'DLJ' for the note [relating to the property];" and a *Request for Admissions* that "DLJ Mortgage Capital, has not suffered any financial loss caused by any act or failure to act by any of the defendants." This *Request for Admissions* has apparently not been responded to.

Copies of these other Pleading Documents, filed by counsel independent of Debtor, are attached hereto, and suggest serious misconduct by Movant leading to a vacating of any claim of right for relief herein by operation of the doctrine of Unclean Hands.

Debtor will need appropriate time to review the State Court docket file and confer with other defendant's counsel, conduct further research on "DLJ," to construct a proper refutation of the bald allegations set forth by Movant.

Debtor additionally notes that "Movant" has apparently not filed a *Proof of Claim*, and indeed the very Standing of Movant before this Court remains unclear.

WHEREFORE, the granting of Hearing on shortened time is inappropriate in the circumstances that pertain, Debtor Objects to such Motion, and would have this Court <u>Sustain</u> the Debtor's Objection.

BY THE DEBTOR,

HERMANN VANECK
24 Ebony Lane
Ivoryton CT 06442
860-514-5902

Certificate of Service
Service is hereby certified by deposit into the
United States mails, first-class postage prepaid,
Or by electronic service, addressed to:

Kara S. Rescia, Esq.
Chapter 7 Trustee
200 North Main Street, East 14
East Longmeadow, MA 01028

Linda St. Pierre, Esq.
Richard Leibert, Esq.
Hunt, Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120

On 16 January 2015:

_____
Debtor

# EXHIBIT

# "A"

| | | |
|---|---|---|
| DOCKET NO. CV13 4017150 | : | SUPERIOR COURT |
| DLJ MORTGAGE CAPITAL, INC. | : | JD OF MIDDLESEX |
| VS | : | HOUSING SESSION AT MIDDLETOWN |
| VANECK, HERMAN ET AL | : | JULY 10, 2014 |

## MOTION FOR STAY

The defendant, Linda Lounsbury, respectfully requests that this summary process proceeding be stayed pending discovery. It is defendant's belief that plaintiff, DLJ Mortgage Capital, Inc. (hereinafter: "DLJ") is a subsidiary of Credit Suisse. Moreover, that DLJ is a paper shell creation of Credit Suisse and is a mere alter-ego of Credit Suisse, created to fashion an artificial space and plausible deniability as to the acts of DLJ, so as to avoid liability from attaching onto Credit Suisse. DLJ has no assets, it lists no taxable chattels with the City of New York, it has no telephone system, owns no desk, chair, filing cabinet or otherwise. It is all tucked inside Credit Suisse at its office located at 11 Madison Avenue, 23rd Street, New York, New York. Additionally, plaintiff, DLJ, never paid for the note on the property located at 24 Ebony Lane, Essex, Connecticut 06442, which is the property in the present eviction matter, has no funds at risk, and is not classically aggrieved by any act or failure to act of any defendant herein. Moreover, since commencement of the Complaint, it appears to defendant that there has

1

been a break in the chain of title. As such, having a question of rightful title certainly impacts plaintiff's ability to bring an action and needs to be explored further in discovery.

Credit Suisse has recently pled guilty to felony charges and has reached a settlement agreement. Discovery is necessary in this case to demonstrate to the Court that plaintiff, DLJ, is not eligible to maintain its foreclosure action against defendants and further, that it is not eligible to proceed with the present eviction action against defendants. In order to vigorously defend this eviction action, defendant has requested the disclosure of certain documents from the plaintiff and may require such disclosure from third parties as well. Additionally, Defendant has made a request for Admissions from the plaintiff.

Discovery is available in Summary Process proceedings and motions for stay are commonly granted to proceed with discovery. The Southland Corp. v. Vernon, 1 Conn. App. 439 (1984). See also Housing Authority of City of Hartford v. Boyd, 36 Conn. Sup. 47, 53 (1979); ("In many instances, the only effective method by which tenants can secure the information necessary to assert successfully their claims is by the discovery motion. The denial of discovery would seriously negate the recovery legislative rights of tenants.") Connecticut Sonesta Corporation v. Columbia Enterprises, Inc., 1981 Conn. Super. LEXIS 241 (Conn. Super Ct. June 11, 1981 (Satter, J.) (opinion attached) (". . . lack of pretrial and depositions is

2

misplaced . . . discovery is available in cases brought to the Housing Session . . .") (emphasis added).

WHEREFORE, In light of the above, the defendant respectfully requests that the Court enter an Order to Stay the proceedings in the above-captioned matter during the pendency of discovery.

THE DEFENDANT,

By: _____
Mark A. Balaban, her Attorney

3

## **ORDER**

The foregoing motion having been hard, it is hereby ORDERED; GRANTED/DENIED.

Dated this _____ day of _____, 2014.

                        THE COURT,

                        BY_____
                          Judge/Clerk/Asst. Clerk

The Balaban Law Firm
425 Main Street, Fourth Floor • Middletown, Connecticut 06457 • (860) 346-5244 • Juris No. 421169

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 10th day of July, 2014, to the following counsel of record:

Kenneth J. Pollock, Esq.
Hunt Liebert & Jacobson, P.C.
50 Weston Street
Hartford, CT 06120

Herman Vaneck
P.O. Box 33
Centerbrook, CT 06409

_____
Mark A. Balaban
Commissioner of the Superior Court

The Balaban Law Firm
425 Main Street, Fourth Floor • Middletown, Connecticut 06457 • (860) 346-5244 • Juris No. 421169

5

## DEFENDANT'S REQUEST FOR PRODUCTION

The defendant requests that the plaintiff, in accordance with § 13.9, et seq. of the Connecticut Practice Book, produce copies of the following records within thirty (30) days hereof at the offices of Defendant's counsel:

1. List of any and all of plaintiff's Parent Companies, to include any entity that has any ownership interest in DLJ or owns any shares of stock in DLJ.

2. Copy of the Articles of Incorporation of Plaintiff Company, DLJ Mortgage Capital, Inc.

3. Copy of the Articles of Incorporation of any and all of plaintiff's Parent Companies, to encompass any entity that has any ownership interest in DLJ or owns any shares of stock in DLJ, including but not limited to Credit Suisse, Inc.

4. Copy of any and all plea agreements relating to felony charges against plaintiff's parent company, Credit Suisse, Inc.

5. Proof of ownership in the property located at 24 Ebony Lane, Essex, Connecticut 06442, which is the property in the present eviction matter.

6. Copies of any and all transfer of funds evidencing payment of DLJ for the note on the above-referenced property.

THE DEFENDANT,

By: _____
Mark A. Balaban, Her Attorney

6

## DEFENDANT'S REQUEST FOR ADMISSIONS

1. Plaintiff never paid any monies for the Note on the property located at 24 Ebony Lane, Essex, Connecticut 06442.

2. Plaintiff, DLJ Mortgage Capital, Inc. is a shell corporation for parent company, Credit Suisse, Inc., who owns stock or has some ownership interest therein of DLJ.

3. Plaintiff, DLJ Mortgage Capital, Inc. has no other office other than the office located within Credit Suisse's office.

4. Plaintiff, DLJ Mortgage Capital, Inc. has no assets of its own.

5. Credit Suisse, Inc. owns stock in DLJ Mortgage Capital, Inc.

6. Plaintiff, DLJ Mortgage Capital, has not suffered any financial loss caused by any act or failure to act by any of the defendants.

THE DEFENDANT,

By: _____
Mark A. Balaban, Her Attorney

The Balaban Law Firm
425 Main Street, Fourth Floor • Middletown, Connecticut 06457 • (860) 346-5244 • Juris No. 421169

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 10th day of July, 2014, to the following counsel of record

Kenneth J. Pollock, Esq.
Hunt Liebert & Jacobson, P.C.
50 Weston Street
Hartford, CT 06120

Herman Vaneck
P.O. Box 33
Centerbrook, CT 06409

_____
Mark A. Balaban
Commissioner of the Superior Court

The Balaban Law Firm
425 Main Street, Fourth Floor • Middletown, Connecticut 06457 • (860) 346-5244 • Juris No. 421169

8