UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

|  |  |  |
|---|---|---|
| _____X | | |
| In re: | : | **Chapter 7 Proceeding** |
| | : | |
| **HERMANN JAN VANECK** | : | **Case No. 15-30014** |
| | | |
| **DLJ MORTGAGE CAPITAL INC.** | : | |
|  **MOVANTS** | : | |
| | | |
| **V.** | : | |
| | | |
| **HERMANN JAN VANECK** | : | |
|  **DEBTOR** | : | |
| _____X | | |

## DLJ MORTGAGE CAPITAL INC.'S OBJECTION TO DEBTOR'S MOTION TO RECONSIDER AND RE-ARGUMENT

DLJ Mortgage Capital Inc. ("DLJ") hereby objects to the Debtor's Motion to Reconsider and Re-Argument. In support thereof, DLJ respectfully objects as follows:

**Procedural History:**

1. On January 5, 2015, Hermann Jan Vaneck ("Debtor") filed the instant Chapter 7 voluntary petition.

2. On January 12, 2015, DLJ filed its In Rem Motion for Relief from Stay, ECF 12 ("Motion") along with a Motion to Expedite Hearing (ECF 14).

3. On January 13, 2015, this Court entered an Order granting DLJ's Motion to Expedite Hearing, ECF 14 ("Order") in which this court set a hearing on the Motion for January 28, 2015. The Order further required DLJ to serve the Order, Motion, and

Proposed Order, to all Notice Parties via CM/ECF or if applicable, otherwise by overnight mail by January 14, 2015.

4.  On January 13, 2015, a Hearing Date Certificate was filed with this court providing notice of the January 28, 2015 hearing via first class mail.

5.  On January 16, 2015, the Debtor filed an Objection to the Motion to Expedite Hearing based upon an argument that DLJ has "unclean hands" based upon allegations that DLJ is a "shell creation…".

6.  On January 27, 2015, DLJ's counsel was contacted by the courtroom deputy advising it that the Debtor had contacted the court advising the court that he could not attend the hearing set for January 28, 2015 due to weather issues.  DLJ's counsel was also advised by the court that the January 28, 2015 hearing would be continued to February 4, 2015.

7.  On January 28, 2015, this court continued the Motion to February 4, 2015.

8.  On January 29, 2015, the Debtor mailed a letter to DLJ's counsel in which the Debtor claimed that due to a death in the family, he could not attend the February 4, 2015 hearing date (see attached Exhibit A).

9.  On February 4, 2015, this court entered the Order on the merits after hearing argument on the Motion.  The Debtor's Objection was denied for failure to prosecute. At said hearing, the Honorable Julie Manning advised DLJ's counsel that the Debtor had contacted the court on February 3, 2015 stating that he could not attend the hearing due to weather issues at which time the court advised the Debtor that the hearing would go forward and would not be continued.  DLJ will note that the

2

Debtor's request for a continuance based upon weather issues was in direct contradiction to the Debtor's allegation that he was to attend a funeral service.

10. On February 27, 2015, the Debtor filed a Motion to Reconsider and Re-Argument, ECF 28 ("Motion to Reconsider").

11. On February 27, 2015, the Debtor filed a Notice of Appeal of the Order, ECF 29.


**Legal Argument**

12. In order to prevail on a Motion to Reconsider, a moving party must sustain his burden of proof to provide the Bankruptcy Court with a demonstration that the limited grounds allowing reconsideration have been met. The Second Circuit line of cases is well vetted and has established a long standing standard for granting a motion for reconsideration which is strict; motions for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, or matters that might reasonably be expected to alter the conclusion reached by the court. The three major grounds for granting a motion for reconsideration in the Second Circuit are: 1) an intervening change of controlling law, 2) the availability of new evidence, or 3) the need to correct a clear error or prevent manifest injustice. *In re Sagecrest*, 2012 Bankr. LEXIS 502 (Bankr. D. Conn. 2012, J. Shiff), citing *In re NatTel, LLC*, 2010 U.S. Dist. LEXIS 73998, 2010 WL 2977133, (D. Conn. July 22, 2010); *Kolel Beth Yechiel Mechil of Tarikov, Inc. v. YLL Irrevocable Trust, et al.*, F.3d, 2013 WL 4609199 *8 (2nd Cir. 2013), citing *Virgin*

*Atlantic Airways, Ltd. V. National Mediation Board*, 956 F.2d 1245, 1255 (2nd Cir.

1992).

13. The Debtor's Motion to Reconsider essentially makes four arguments. The first

argument is that the Order should be vacated because DLJ's failure to serve the

Debtor via overnight mail in accordance with the Order provided Movant with an

"unfair advantage". The second argument essentially surrounds allegations made by

the Debtor that DLJ is a "phantom" or "sham" entity. The third argument surrounds

allegations that DLJ is not a "business entity" and has paid nothing for the Note. The

fourth argument surrounds allegations that "Credit Suisse" is a "sham entity".

DLJ maintains that the Debtor has failed to meet his burden under a Motion to

Reconsider.

**a) No intervening change of controlling law**

The Debtor has failed to establish that a change of controlling law has taken place.

The Debtor's Motion to Reconsider fails to set forth any change of controlling law

that would otherwise change this Court's decision on its granting of the Order nor

is the Movant aware of any change of controlling law that would otherwise cause

this court to change its decision.

**b) No availability of new evidence**

The Debtor has failed to present new evidence. The Debtor's own pleadings

clearly establish that the Debtor was timely aware of the January 28, 2015 hearing

and the subsequent continued February 4, 2015 hearing date. Although overnight

4

service of the hearing notice was untimely, DLJ maintains that the Court was aware of that at the time the Motion was heard nor did the Debtor raise this issue with the Court prior to any of the two hearings. In fact, the Debtor contacted the clerk's office several times well before the January 28, 2015 hearing and the February 4, 2015 hearing stating an intention not to appear at either hearing due to reasons that had nothing to do with a delay in service. The Debtor has presented no new evidence to support an argument that DLJ was provided with an "unfair advantage". The Debtor's remaining four arguments pertaining to DLJ's standing have all been adjudicated both in the Debtor's prior bankruptcy case as well as on numerous occasions in the underlying state court action. The Debtor has failed to present any new evidence that would otherwise change those decisions and this court does this court have jurisdiction to re-litigate those issues.

**c) The need to correct a clear error or prevent manifest injustice**

The Debtor has failed to establish that the entry of the Order was a clear error and has further failed to establish that an injustice has occurred. Debtor's arguments that DLJ has not "done equity" and that it has obtained an "unfair advantage" are misplaced.

On the Debtor's first argument relating to service, DLJ filed a Motion for Relief from Stay on January 12, 2015 and requested that the hearing on the Motion be expedited. The Movant assumed that any expedited hearing would be held within 48 hours of the filing of the Motion which is a typical hearing date on a Motion to Expedite.   Because   expedited   hearings   typically   take   place   in   short   order

5

(ie..within 48 hours of the filing of the substantive Motion), courts typically require notice of said Order granting the expedited hearing to be made via overnight mail to ensure that parties attending the hearing have sufficient notice prior to the hearing. In this case, although the Court granted the Motion to Expedite, the hearing was not set until January 28, 2015, some 2 ½ weeks later. Arguably, DLJ was not given an expedited hearing given that any hearing on a typical Motion for Relief is heard about 2 ½ - 3 weeks after it is filed. In addition, service via regular mail should have been sufficient given the hearing date. Although service of the January 28, 2015 was initially made via first-class mail rather than by overnight mail, DLJ maintains that service in this initial manner was done by mistake and not intentional. DLJ maintains that the initial service provided by DLJ did provide the Debtor with sufficient notice for attendance at that hearing. In fact, the Debtor admits to having notice of the hearing as early as January 16, 2015, a mere 4 days after the Motion was filed and roughly 1 ½ weeks prior to the first hearing date. Despite the Debtor having notice, DLJ did in fact provide overnight service of the hearing on January 26, 2015 which arguably would have been sufficient notice in the event this court did in fact grant a 48 hour expedited hearing. Furthermore, the January 28, 2015 hearing did not go forward and was continued to February 4, 2015 and the Debtor was so advised of that continuance date on February 3, 2015 by this court. The Debtor's argument that DLJ's failure to provide service of the January 28, 2015 hearing via overnight mail provided the Movant with an unfair advantage is without merit. The Debtor

6

was aware as early as January 16, 2015 that a hearing on DLJ's Motion would be held before this court. In fact, the Debtor had three weeks to prepare for the hearing that was ultimately held on February 4, 2015 which he chose not to attend. Arguably, the Movant was prejudiced rather than being provided with an unfair advantage by the mere fact that it had to wait 3 weeks to be heard on its Motion of which it requested be expedited. That 3 week period provided the Debtor, not DLJ, with an unfair advantage. DLJ acknowledges its initial mistake on service but maintains that such failure is not grounds to vacate the Order and that said mistake provided no prejudice to the Debtor. The Debtor to date has engaged in a 13 year attack upon DLJ and its predecessors in interest through multiple bankruptcy filings and meritless litigation of which has severely prejudiced the Movant. The filing of the Debtor's Motion to Reconsider along with his underlying Appeal of the Order are continued attempts to propound meritless litigation upon DLJ.

The Debtor's remaining three arguments are without merit. A Foreclosure Judgment against the Debtor first entered back on June 10, 2002. The Debtor's continued Motion and Appeal attacks made upon DLJ post judgment relating to the Movant's standing have all been denied. The only matter remaining against the Debtor is a Summary Process Action in which DLJ seeks to evict the Debtor from the Property. This court is without jurisdiction to undue the prior State Court Judgment which held DLJ to be a proper party with standing with the right to sue. The Property is not property of the estate and consequently the only course

7

of action upon which this court could take on DLJ's Motion was to grant it. See

*In re Kane*, 236 B.R. 131 (Bankr. D. Conn. 1999)

WHEREFORE, DLJ Capital Mortgage, Inc. respectfully requests that this court

enter an Order denying the Debtor's Motion to Reconsider and Re-Argument and that it

grant such other relief which is just and appropriate.


Dated:  March 18, 2015 at New Haven, CT

DLJ CAPITAL MORTGAGE, INC.

By
Victoria Forcella
Hunt Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120
(860) 241-2869
Its Attorneys

Exhibit A

29 January 2015

Linda St.Pierre
Richard Leibert
Hunt, Leibert, Jacobson P.C.
50 Weston Street
Hartford, CT 06120

Mrs. St. Pierre and Mr. Leibert:

This will be further to your *Motion for In-rem Relief from the Automatic Stay"* apparently dated 12 January 2015, in Docket NO. 15-30014 before the United States Court for the District of Connecticut.  You have filed for an "Expedited Hearing" without right and without color of right, all intended to inflict harms, losses and injuries.  I inform you that my uncle has died and your Hearing Date, which is scheduled for your convenience, of Wednesday, 04 February 2015, now interferes with my attending the funeral services.  I demand that you immediately and forthwith file with the Court a *Withdrawal* of your vexatious Motion, failing which I shall flie suit against each of you, your collective law firm, the partners and officers of that Law Firm enterprise, and your clients, for damages.

Harbor no illusions about my intentions.

Regards,

HERMANN VANECK
24 Ebony Lane
Ivoryton CT 06442

## CERTIFICATION

I hereby certify that a copy of the foregoing was served upon all of the following parties, either by operation of the Court's electronic filing system or by postage prepaid first class mail, on this 18th day of March, 2015.

Hermann Jan Vaneck
24 Ebony Lane
Ivoryton, CT 06442
(Debtors)

Kara S. Rescia
Rescia & Katz, LLP
5104A Bigelow Commons
Enfield, CT 06082
(Trustee)

U. S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

March 18, 2015                    THE MOVANT

                                 By: _____
                                 Victoria L. Forcella, Esq.
                                 Federal Bar No. CT 29297

THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE PROPERTY. IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.