UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE:  HERMANN VANECK          :
        Debtor,                          :          CASE NO: 3:15-CV-00343-SRU

                                         :          **STATEMENT OF ISSUES TO**
                                         :          **BE PRESENTED ON APPEAL**

                                         :          MAY 01, 2015

       The Debtor, HERMANN VANECK, appellant herein, hereby presents the following preliminary Statement of the Issues on appeal.

1.    Did the Court err in permitting the fictitious corporation "DLJ Mortgage Capital Inc." [hereinafter: "DLJ"] to file Motion papers before the Court?

2.    Did the Court err in determining that it would not hear any evidence or argument as to the legal status of "DLJ"?

3.    Did the Court err in determining that it would not hear any argument or evidence that "DLJ" was a sham corporation?

4.    Did The Court err in determining that it would not hear any argument or evidence that "DLJ" was a fictitious corporation?

5.    Did the Court err in determining that it would not hear any argument or evidence that "DLJ" was not licensed to conduct business in the State of Connecticut?

6.    Did the Court err in failing to determine that "DLJ" had no Standing to appear before it?

7.    Did the Court err in permitting "DLJ" to file Motion pleadings without having entered a Proof of Claim?

8.    Did the Court err in holding a Hearing after a massive snowstorm, when the Debtor was snowbound and could not attend Court in New Haven, some 30 miles distant?

9. Did the Court err in its determination that the Moving Paper styled as "*Motion for in-rem Relief from the Automatic Stay pursuant to 11 USC §362(d)(4)*" was properly founded in fact and in law?

10. Did the Court err in failing to exercise diligence in examining any Pleading proffered by "DLJ" to the Court, given its record of falsified documents and pleadings placed before the Courts?

11. Did the Court err in failing to exercise diligence, caution and prudence in accepting the representations of counsel Hunt, Leibert, Jacobson P.C. ["HLJ"], given their record of offering false evidence and making false statements to the Court?

12. Did the Court err in accepting, and also without inquiry or examination, the assertion of "DLJ" by counsel "HLJ" that a Judgment of strict foreclosure had entered against the debtor, when no such judgment properly exists?

13. Did the Court err in accepting the representation of "DLJ" by "HLJ" that movant "DLJ" had a possessory interest in 24 Ebony Lane, Essex Ct, ["the Property"] that it could enforce?

14. Did the Court err in accepting, and also without inquiry or examination, the representation of "DLJ" that Debtor/Appellant's right to possession of the Property had expired?

15. Did the Court err in accepting, without inquiry or examination, the assertion of "DLJ" that the debtor's "law day" had "passed and title vested in the Movant on August 03, 2010?"

16. Did the Court err in failing to examine the title to the Property?

17. Did the Court err in granting "DLJ's" Motion for relief from stay, Dkt. No. 12?

18. Did the Court err in failing to determine, or in the alternative to give weight to, the fact that the titled owner of the Property was under protection of automatic stay at the time that "DLJ" recites it had a "law day" and "vesting of title"?

19. Did the Court err in accepting, and also without inquiry or examination, the representation of "DLJ" that had a rightful and proper interest in the Property to enforce?

20. Did the Court err in accepting, also without inquiry or examination, the assertions of "DLJ" by counsel "HLJ" that the Debtor had filed "ten[th] bankruptcy petition[s]," when even the most casual examination would reveal that this assertion was untruthful?

21. Did the Court err in accepting, and also without inquiry or examination, the representation of "DLJ" by counsel "HLJ" that Debtor/Appellant had filed his bankruptcy petition "upon information" "in an effort to defraud the Movant ["DLJ"], without any supporting evidence being proffered to the Court for this astonishing assertion?

22. Did the Court err in failing to recognize that the sham entity "DLJ" was engaging in a concerted course of conduct of property thefts by untruthful representations?

23. Did the Court err in granting "DLJ's" Motion to Shorten Time?

24. Did the Court err in failing to consider or give weight to the representations made by the Balaban Law Firm in a document signed by counsel Balaban, Pleading dated July 10, 2014, wherein it was stated that:

(a) "DLJ" is a creation of "Credit Suisse," and incorporated "to fashion an artificial space and plausible deniability as to the acts of DLJ, so as to avoid liability from attaching onto Credit Suisse."

(b) "DLJ" has no assets, lists no taxable chattels with the City of new York, has no telephone system, owns no desk, chair, filing cabinet or otherwise."

(c) "DLJ" never paid for the note on the Property.

(d) "DLJ" has no funds at risk.

(e) "DLJ" is not classically aggrieved by any act or failure to act of any defendant.

3

(f) There has been a break in the chain of title to the Property alleged by "DLJ."

(g) Credit Suisse recently pled guilty to felony charges, rendering it not of good moral character to undertake residential banking matters in the USA.

25. Did the Court err in failing to recognize or consider that, previously, "HLJ" had suborned perjured testimony from a witness in the matter of the subject Property in proceedings before it?

26. Did the Court err in failing to recognize or consider that, previously, "HLJ" had filed Pleadings containing falsified and bad-faith representations to the Court in the matter of the subject Property in proceedings before it?

27. Did the Court err in granting "DLJ's" Motion for expedited Hearing?

28. Did the Court err in granting "DLJ's" Motion for relief from stay when "DLJ" had failed to serve the Hearing Order, Notice, Motion, and proposed Order in conformance with the Court's own specific instructions?

29. Did the Court err in failing to recognize that "DLJ" was attempting to have the Court issue Orders against non-parties not before the Court in any capacity?

30. Did the Court err in failing to recognize, inquire, or consider that, previously, "HLJ" had participated in the crafting, and proffering before the Courts, egregiously falsified documents purporting to represent claims to the subject Property?

31. Did the Court err in failing to recognize, inquire, or consider that, "HLJ" had and continues to have Motions for Contempt filed against it for egregious misconduct before the Court, and wrongful and abusive conduct with respect to its law practice of being a foreclosure mill?

32.    Did the Court err in failing to recognize, inquire, or consider that "HLJ" as counsel for "DLJ" had a long history of representing and asserting claims of entities that either had no interest in, or had previously sold or otherwise transferred alleged interests in, the subject Property, yet nonetheless continued to assert claims of rights in the Property, litigating same, and taking such untruthful claims to trial?

BY THE APPELLANT,

HERMANN VANECK
24 Ebony Lane
Ivoryton, Ct 06442
(860) 514-5902

Certificate of Service
Service is hereby certified by deposit into the
United States mails, first-class postage prepaid,
Or by hand delivery, or by electronic service, addressed to:

Kara S. Rescia, Esq.
Chapter 7 Trustee
200 North Main Street, East 14
East Longmeadow, MA 01028

U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Linda St. Pierre, Esq.
Hunt, Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120

On 4 May 2015,
_____Appellant/debtor

5